CASE NO. 14-3661

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

**UNITED STATES,**
*Plaintiff-Appellee,*

v.

**ANTUN LEWIS,**
*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---

**REPLY BRIEF OF APPELLANT ANTUN LEWIS**

---

DENNIS G. TEREZ
Federal Public Defender
MELISSA M. SALINAS
Appellate Director
Office of the Federal Public Defender
for the Northern District of Ohio

JEFFREY B. LAZARUS
*Counsel of Record*
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856
jeffrey_lazarus@fd.org

*Counsel for Defendant-Appellant Antun Lewis*

# **TABLE OF CONTENTS**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    I.      The District Court Abused its Discretion in Failing to Grant the Motion for a New Trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    II.     The Supreme Court's Holding in <u>Bond v. United States</u>, and this Court's Holding in <u>United States v. Toviave</u> Require Lewis's Conviction to be Vacated. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

    III.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Certification of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**                                                    **PAGE NO.**

<u>Bangura v. Hansen</u>, 434 F.3d 487 (6th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Bond v. United States</u>, __ U.S. __, 134 S. Ct. 2077 (2014). . . . . . . . . . . . . . . 6, 7, 8

<u>Rita v. United States</u>, 551 U.S. 338 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Russell v. United States</u>, 471 U.S. 858 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

<u>United States v. Kamper</u>, 748 F.3d 728 (6th Cir. 2014). . . . . . . . . . . . . . . . . . . . . 3

<u>United States v. Toviave</u>, 761 F.3d 623 (6th Cir. 2014). . . . . . . . . . . . . . . . . . 6, 7, 8

**STATUTES**

18 U.S.C. § 844. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

**RULES**

FED. R. CRIM. P. 33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

<u>**REPLY**</u>

I.    **The District Court Abused its Discretion in Failing to Grant the Motion for a New Trial**.

In the opening brief, Appellant Antun Lewis detailed how the district court abused its discretion by denying the motion for new trial. In 2011, Lewis stood trial and was convicted. The district court granted a new trial under Rule 33, finding that a miscarriage of justice had occurred. The district court's 95-page opinion criticized every aspect of the government's case-in-chief, and thoroughly scrutinizing the government's witnesses, evidence, and conclusions. In granting a new trial, the district court stated a second trial would give the government an opportunity to provide answers to the many questions in the case. This Court affirmed the grant of the new trial.

At the second trial, the government refused to heed the district court's warnings and chose to present the exact same case-in-chief. All the witness credibility issues, speculative theories, holes in the evidence, and unanswered questions remained. The defense, however, presented additional evidence through cross-examination to further rebut the government's main witnesses. The defense also utilized direct forensic evidence disproving the government's theories and severely undercutting any reliability of the government's main witnesses. The defense also presented new witnesses, including Michael Miller, an inmate who revealed the truth: the jailhouse

1

snitches and other government witnesses had worked together and colluded to frame Lewis. Unfortunately, Lewis was convicted again.

As all the reasons a new trial was granted still remained, the defense again moved the district court for a new trial. The district court, however, made a significant departure from its previous order. The court merely held all the inconsistencies and unanswered questions were issues for the jury to decide.

In the Appellant's opening brief, Lewis detailed how the district court abused its discretion by failing to provide an explanation as to why the government's case-in-chief was so problematic after the first trial, but not after the second, even though the second trial contained new and compelling evidence from the defense. Appellant's Brief, pp. 33-85.  In response, the government filed their appellate brief, detailing why a conviction was justified, but failed to provide any legal justification for the district court's order. The government failed to defend Lewis's claim that an abuse of discretion was committed by the district court.

Instead, the government's entire brief is more akin to a closing argument. The government details the evidence presented in their case-in-chief, and in doing so, only relies on the facts they want to cite, but failing to recognize the bad facts presented by their witnesses. The government also fails to present the facts their witnesses were unable to give – the holes in the evidence and the unanswered questions. Much like

2

at the trial, the government makes speculative and unfounded conclusions about the evidence and resolves every factual discrepancy in their favor. Relevant to the appeal, the government provides no support as to why the district court did not commit an abuse of discretion.

The district court's order fails to provide this Court with a reasoned basis for why a new trial was warranted after the first trial, but not after the second trial. In various other appellate contexts, this Court has held that an abuse of discretion occurs if the district court's order fails to include a "reasoned basis." See United States v. Kamper, 748 F.3d 728, 739 (6th Cir. 2014) (citing Rita v. United States, 551 U.S. 338, 356 (2007) (in reviewing challenges to the reasonableness of a sentence under an abuse of discretion standard, this Court requires the district court to provide a "reasoned basis"); Bangura v. Hansen, 434 F.3d 487, 502 (6th Cir. 2006) (in reviewing an agency's actions for an abuse of discretion, this Court looks to see if the agency provided a "reasoned basis" for its decision). This Court must now review whether an abuse of discretion has occurred without a reasoned basis for the district court's order. Specifically, no reasoned basis has been provided by the district court or the government as to why a new trial was warranted in 2011 but not in 2014, even though the government presented the same case. Therefore, an abuse of discretion has occurred.

The government's brief provides a bullet-pointed list of eight things that they characterize as "new or additional" evidence. Appellee's Brief p. 34. This Court should not be persuaded by this list. A number of these are not actual evidence, but unsupported conclusions by the government. Specifically, the government states the new evidence is "corroboration for the inmate testimony," but fails to provide details as to what is being corroborated. Appellee's Brief p. 34. The government also concludes that George Hightower is corroborated and Lewis's driving at a high rate of speed is corroborated. Appellee's Brief p. 34. None of these conclusions are supported, but also none of these conclusions are integral parts of the government's case-in-chief. The government cites merely ancillary facts, none of which go to the heart of the issues.

More importantly, while the government's appellate brief lists these eight pieces of "new or additional evidence," the district court's order does not rely on any of them. At no point in the 60-page opinion does the district court indicate that its decision to deny the motion for new trial was predicated on this "new evidence." [R. 523, Order]. The district court's order does not indicate that it is any of these pieces of "new evidence" which persuaded the district court to now deny a new trial. Instead, the district court merely stated that these issues were presented for the jury

4

to decide. This holding was diametrically opposed to the district court's 95-page opinion granting a new trial.

This Court should be thoroughly confused as to the conflicting opinions by the district court. On one hand, the district court grants a new trial in an opinion which eviscerates every aspect of the government's case-in-chief, then at a second trial the same case is presented, but a new trial is not warranted, and now each of these same issues were "for the jury to decide." This Court must now review the efficacy of the denial of the motion for new trial, but is left without a reasoned basis for these opinions which are completely opposite from each other. Mr. Lewis is not saying the Court cannot have two different rulings, but only that failing to provide a reasoned basis for the different – and opposing – rulings is an abuse of discretion. We have two trials in which the government presented the same case-in-chief, resulting in two guilty verdicts. We then have two motions for new trial, but two opinions which are in complete conflict. There is no explanation for this divergence, and the failure to explain such a divergence constitutes an abuse of discretion.

Therefore, Mr. Lewis requests this Court find the district court abused its discretion in denying the motion for new trial and remand the case back to the district court.

## II.    The Supreme Court's Holding in <u>Bond v. United States</u>, and this Court's Holding in <u>United States v. Toviave</u> Require Lewis's Conviction to be Vacated

In the opening brief, Mr. Lewis relied on the Supreme Court's holding in <u>Bond v. United States</u> and this Court's holding in <u>United States v. Toviave</u>, requesting a remand to the district court. Following <u>Bond</u> and <u>Toviave</u>, the government's prosecution of Mr. Lewis under 18 U.S.C. § 844(i) intrudes upon state criminal jurisdiction and violates principles of federalism. Because Mr. Lewis did not have an opportunity to raise this issue before the district court, the district court has not had an opportunity to rule on this issue. Therefore, Mr. Lewis seeks a remand so the district court can properly rule on this issue.

The government claims the issue is forfeited because the claim was not raised before the district court. Appellee's Brief, p. 69. The jury found Mr. Lewis guilty in December of 2013. [R. 476, Verdict, PageID 13466-68]. The post-verdict motion filed by the defense for a new trial was filed in February of 2014. [R. 506, Motion for New Trial]. The Supreme Court's ruling in <u>Bond</u> was not until months later, on June 2, 2014. <u>Bond v. United States</u>, __ U.S. __, 134 S. Ct. 2077 (2014). Two weeks later, Mr. Lewis's sentencing hearing was held. <u>Bond</u> was an extremely complicated case, involving a split by the Court's majority and an opinion dealing with complex facts and law on the issue of federalism. Thus, it was not immediately apparent as to the

6

precedential impact <u>Bond</u> had on Mr. Lewis's prosecution. It was not until August, two months later that this Court's holding in <u>Toviave</u> made clear the impact of <u>Bond</u> onto Mr. Lewis's case, in that the arson of a single-family home is purely local, and not within the scope of 18 U.S.C. § 844(i).

Consistent with <u>Bond</u> and <u>Toviave</u>, Mr. Lewis's conviction is for a purely local crime. Just like the statute in <u>Bond</u>, the drafters of the federal arson statute, 18 U.S.C. § 844(i), were not concerned with regulating purely local conduct. While the arson at 1220 E. 87th Street is a tragedy, there is no federal interest in this purely local crime. While a federal agency, Housing and Urban Development (H.U.D.), paid a portion of Medeia Carter's rent obligation to the owner, [R482, Transcript, 13683-84], this fact alone is not enough to transform the arson of a single-family home into a federal crime. As a result of this prosecution, the government violates principles of federalism inherent in our constitutional structure, and intrudes upon state criminal jurisdiction in the absence of a clear expression from Congress. Cf. <u>Bond</u>, 134 S. Ct. at 2088-94; <u>Toviave</u>, 761 F.3d at 627.

The government relies on a singular case in support of their argument that <u>Bond</u> and <u>Toviave</u> do not apply. They government relies on <u>Russell v. United States</u>, 471 U.S. 858 (1985). Appellee's Brief, pp. 70-73. <u>Russell</u> held that 18 U.S.C. § 844(i)

7

could apply to two-unit apartment building being used as a rental property. <u>Russell</u>, 471 U.S. at 858. <u>Russell</u> can be distinguished on its facts, as the property in <u>Russell</u>, concerned multi-unit dwellings, and in the case at bar, there is a single family home.

Furthermore, the holding of <u>Russell</u> is in doubt in light of <u>Bond</u>. <u>Bond</u> is not limited to its facts, but applies broadly, in that Congress does not typically criminalize purely local conduct like a garden-variety assault. <u>Bond</u>, 134 S.Ct. at 2092. The broad reach of <u>Bond</u>, is confirmed by this Court's holding in <u>Toviave</u>. <u>Toviave</u>, 761 F.3d at 627. Since the issuance of <u>Bond</u>, no circuit has held that <u>Bond</u> does not extend to prosecutions under 18 U.S.C. § 844(i). This Court should not be the first as <u>Bond</u> and <u>Toviave</u> make clear the government's prosecution of Mr. Lewis under 18 U.S.C. § 844(i) intrudes upon state criminal jurisdiction and violates principles of federalism. Additionally, as Mr. Lewis did not have the opportunity to raise this issue before the district court, a remand should be issued to allow the district court to rule on the issue.

## III.  CONCLUSION

For these reasons and the reasons contained in Appellant's opening brief, Mr. Lewis seeks a remand to the district court.

Respectfully submitted,
/s/ Jeffrey B. Lazarus
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: 216-522-4856
Facsimile: 216-522-4321
jeffrey_lazarus@fd.org

Attorney for Appellant Antun Lewis

9

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on May 11, 2015, a copy of the foregoing Appellant's Reply Brief was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/ Jeffrey B. Lazarus*　　　　　
JEFFREY B. LAZARUS
Attorney at Law
